UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff,*<br>    *v.*<br>MIGUEL FLAQUER,<br>    *Defendant.* | Crim. No. 3:05cr59 (JBA)<br><br>January __, 2015 |

**RULING GRANTING DEFENDANT'S MOTION FOR REDUCTION IN SENTENCE**

On June 20, 2006, Defendant Miguel Flaquer pled guilty [Doc. # 144] to conspiring to possess with intent to distribute 5000 grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. He was sentenced [Doc. # 276] on July 30, 2008 to 168 months imprisonment. He now moves [Doc. # 302], pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782, for a reduction in his sentence. For the following reasons, his motion is granted.

Under 18 U.S.C. § 3582(c)(2), "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may move for a reduction in his sentence. Upon such motion, "a district court must engage in a 'two-step approach.'" *United States v. Bethea*, 735 F.3d 86, 87 (2d Cir. 2013) (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)). "At step one, the court 'must consider whether the defendant is eligible for a reduction by calculating the Guidelines range that would have been applicable had the amended Guidelines been in place at the time the defendant originally was sentenced.'" *Id.* (quoting *United States v. Wilson*, 716 F.3d 50, 52 (2d Cir. 2013)). "At step two,

'§ 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors[1] and determine whether, in its discretion, the reduction . . . is warranted in whole or in part under the particular circumstances of the case.'" *Id.* (quoting *Dillon*, 560 U.S. at 827).

Mr. Flaquer contends, and the Government agrees [Doc. # 305], that he is eligible for a reduction under § 3582(c)(2) based on Amendment 782 to the United States Sentencing Guidelines. That Amendment, effective November 1, 2014, reduced by two levels the offense levels assigned to the quantities of controlled substances that trigger the statutory mandatory minimum penalties in U.S.S.G. § 2D1.1 and made parallel changes to § 2D1.11. Mr. Flaquer and the Government agree that applying the Amendment to Mr. Flaquer yields an amended sentencing range of 121 to 151 months' imprisonment.[2] Based on the fact that Mr. Flaquer's original sentence was 17 months above the bottom of the applicable guideline range, the Probation Office recommends [Doc. # 304], and Mr. Flaquer seeks a reduced sentence of 138 months' imprisonment.

---

[1] These factors include:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed. . .;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for. . .;
(5) any pertinent policy statement . . . issued by the Sentencing Commission . . .;
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

[2] The prior range, based on a total offense level of 34, was 151 to 188 months' imprisonment.

In determining whether or how much to reduce Mr. Flaquer's sentence, however, the Government urges the Court to consider the fact that Mr. Flaquer received several citations from the Bureau of Prisons for being unsanitary or untidy and for refusing to obey an order.  While Mr. Flaquer's "post-sentencing conduct, including the disciplinary infractions he committed in prison" is unacceptable and relevant to the Court's decision, *Wilson*, 716 F.3d at 53, the Court takes note that the Probation Office [Doc. # 303] has listed no public safety factors weighing against a reduction for Mr. Flaquer.  In addition, aside from the above-described infractions, Mr. Flaquer appears to have used his time in prison productively, taking classes on subjects including conversational English, GED preparation, parenting, personal growth, and reentry.  (Inmate Education Data, Ex. A to Mot. for Reduction of Sentence.)

Upon full consideration of the factors set out in § 3553(a), the Court concludes that a reduction in Mr. Flaquer's sentence to 138 months is appropriate, and such a reduction would be consistent with the applicable policy statements issued by the Sentencing Commission and the purpose of Amendment 782, which is to move toward alleviating "the significant overcapacity and costs" of federal prisons.  U.S.S.G. Amendment 782 (policy statement).  Because Mr. Flaquer's original sentence was in the middle of the applicable guideline range, his term of imprisonment will be reduced to the middle of the revised guideline range, 138 months, and all other aspects of the original sentence shall remain in effect.

For the foregoing reasons, Mr. Flaquer's Motion [Doc. # 302] for Reduction in Sentence is GRANTED and, effective November 1, 2015,[3] his term of imprisonment is reduced to 138 months.  All other aspects of the original sentence shall remain in effect.

IT IS SO ORDERED.

/s/_
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 22nd day of January, 2015.

---

[3] Under U.S.S.G. § 1B1.10(e)(1), "[t]he court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later."  However, an application note to the Guidelines explains that "Subsection (e)(1) does not preclude the court from conducting sentence reduction proceedings and entering orders under 18 U.S.C. 3582(c)(2) and this policy statement before November 1, 2015, provided that any order reducing the defendant's term of imprisonment has an effective date of November 1, 2015, or later."  U.S.S.G. § 1B1.10, comment (n.6).